JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A. as Trustee for the Reperforming Loan REMIC Trust, Series 2002-2, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, <br><br> Defendants. | Case No. CV 07-06055 DDP (FFMx) <br><br> **ORDER DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

This matter is before the Court on its Order to Show Cause Why This Matter Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction. After reviewing the papers submitted by Plaintiff Wells Fargo and considering the arguments therein, the Court dismisses the action for lack of subject matter jurisdiction.

**I. Background**

Plaintiff Wells Fargo is the Trustee for the Reperforming Loan REMIC Trust, Series 2002-2 and Series 2003-R1. Plaintiff acquired its position as Trustee when Countrywide Home Loan, Inc. assigned to Plaintiff its interest in the Trust to Plaintiff, (see

Reconstituted Servicing Agreements ("Agreements), dated February 1, 2003 (2003-R1) and September 1, 2002 (2002-2)). Washington Mutual was the servicer of the Trust before the Amended Servicing Agreements were signed, and remained the servicer of the Trust under the Agreements.

The Amended Agreements provide that Plaintiff Wells Fargo is entitled to examine the records and books concerning Defendant Washington Mutual's servicing of the Trust. As servicer, Defendant was required to report losses to Wells Fargo on a monthly basis. In November 2006, Defendant reported a loss to the trust of over $2 million. Plaintiff considered this loss to be substantial in comparison to losses reported in past months, and therefore requested servicing records from Defendant in order to determine whether servicing was appropriate. Plaintiff alleges that Defendant failed to provide these documents after numerous written and oral requests, and that this conduct constitutes a breach of the Agreements. Plaintiff asks that Defendant be required to provide the documents through specific performance of the Agreement.

Plaintiff filed in federal court on the basis of diversity jurisdiction. According to Plaintiff's complaints, at the time the Amended Servicing Agreements were signed, Series 2002-2 included over 16,089 securitized mortgage loans with a collective principal outstanding balance of over $1.4 billion, and Series 2003-R1 included over 14,495 securitized mortgage loans with a collective principal outstanding balance of over $1.2 billion. Plaintiff alleges in its complaints that the amount in controversy exceeds $75,000.

///

Because it was unclear whether the amount in controversy was met, the Court issued an Order To Show Cause Why This Case Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction.

**II. Discussion**

A. Legal Standard

28 U.S.C. §1332(a) grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and there is complete diversity between the parties. Here, the Plaintiff bears the burden of proving that this Court has subject matter jurisdiction. In re: Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). The Court has an "independent obligation" to ensure that it has subject matter jurisdiction. Surber v. Reliance Nat. Indem. Co., 110 F. Supp. 2d 1227,1230 (N.D. Cal. 2000) (citation omitted).

B. Analysis

In this case, Plaintiff seeks specific performance of a contractual right to examine records related to Defendant Washington Mutual's servicing of a trust. Plaintiff alleges that the "object of the litigation" is to "preserve the value of the Trust[s] by reviewing the records concerning the efforts to collect its assets." Plaintiff indicates this amount "conceivably could be as much as the total of the uncollected sums" owed in the Trust, which would exceed $75,000. (Pl.'s Response to Order to Show Cause 4.)

When considering the jurisdictional basis for a claim that seeks an equitable remedy, "the amount in controversy is measured

3

by the value of the object of the litigation." <u>Hunt v. Washington State Apple Adver. Comm'n.</u>, 432 U.S. 333, 347 (1977). Here, Plaintiff seeks specific performance of a contract, which is an equitable remedy. <u>See</u> <u>Texas v. New Mexico</u>, 482 U.S. 124, 131 (1987). Plaintiff notes that no Ninth Circuit case law has applied this standard to specific performance of a contract, but points to a Ninth Circuit case that identifies the amount in controversy in an action seeking injunctive relief as "the value of the right to be protected or the extent of the injury to be prevented." <u>Jackson v. American Bar Ass'n.</u>, 538 F.2d 829, 831 (9th Cir. 1976). <u>Jackson</u> further provides, however, that the alleged value of the right asserted cannot satisfy the amount in controversy when it is "intangible, speculative and lack[s] capability of being translated into monetary value." <u>Jackson v. American Bar Ass'n.</u>, 538 F.2d 829, 831 (9th Cir. 1976).

The Court finds that Plaintiff has not satisfied its burden with respect to the amount in controversy requirement. Specifically, Plaintiff's bare assertion that its contractual right to examine records purportedly satisfies the $75,000 threshold is too "intangible" and "speculative." <u>See</u> <u>Jackson</u>, 538 F.2d at 831. Other than stating that it aims to preserve the value of the Trust's pooled mortgage loans, Plaintiff does not articulate any connection between its alleged examination right and how enforcement of that right is related to preserving the value of the Trust. Without more, Plaintiff is unable to support its broad assertion of jurisdiction. <u>See</u> <u>Hunt</u> 432 U.S. at 347-48 (finding that the value of the right established jurisdiction where

4

plaintiffs showed that apple growers had and would continue to suffer lost profits if the statute were upheld).

Courts have rejected similar speculative jurisdictional assertions in actions that sought an accounting and inspection of records. In Macken v. Jensen, 333 F.3d 797 (7th Cir. 2003), the Seventh Circuit affirmed that the amount in controversy was not met by plaintiffs wanting to examine documents to "determine whether the principal [was] being prudently managed and the income applied according to the trust's terms," and where "[t]he complaint did not make any effort to estimate the value of this information, contending instead that jurisdiction [was] automatic because the trust corpus exceeds $75,000." Id. at 799; see also Ditolla v. Doral Dental IPA of New York, LLC, 469 F.3d 271, 276-77 (2d Cir. 2006) (finding a lack of jurisdiction where a plaintiff had sought an accounting, noting that plaintiff's ultimate amount in controversy was "unknown" and "contingent on the outcome of the accounting").

Similarly here, Plaintiff has not made an effort to establish the value of its examination right, relying instead on the size of the trust's assets. See Macken, 333 F.3d at 799. While alleging a violation of its examination right, and losses during the time that the Defendant serviced the Trust, Plaintiff has not alleged that Defendant has "failed to honor any financial obligations to [the beneficiaries]." See id. Under these circumstances, the value of the right is unknown. See Ditolla, 469 F.3d at 276-77. Where the claim here is only for specific

performance of the examination right itself, Plaintiff has failed to satisfy its burden of proving jurisdiction.[1]

Finally, Plaintiff refers to the existence of jurisdiction in cases that involved specific performance of land contracts, where the amount in controversy is measured by the value of the property in question. <u>Waller v. Prof. Ins. Corp.</u>, 296 F.2d 545, 547 (5th Cir. 1961). <u>Ebensberger v. Sinclair Refining Co.</u>, 165 F. 2d 803, 805 (5th Cir. 1948). These cases are distinguishable, however, because the object of the litigation was conveyance of an interest in land, easily convertible into a tangible value. The examination rights at issue here, on the other hand, are substantially different from an interest in land. Plaintiff has not provided any basis to conclude that the value of specific performance of its intangible examination rights meets the amount in controversy.

Accordingly, the Court holds that Plaintiff has not shown that it satisfies the amount in controversy. The Court dismisses this action for lack of subject matter jurisdiction.

---

[1] For similar reasons, the Court does not find Plaintiff to have satisfied its burden by asserting its right to attorney's fees under the contract.

6

**III. Conclusion**

    For the foregoing reasons, the Court finds a lack of subject matter jurisdiction.  The Court dismisses <u>Wells Fargo Bank, N.A., as Trustee for the Reperforming Loan REMIC Trust, Series 2003-R1 v. Washington Mutual Bank</u>, CV07-06054 DDP (FFMx) and <u>Wells Fargo Bank, N.A., as Trustee for the Reperforming Loan REMIC Trust, Series 2002-2 v. Washington Mutual Bank</u>, CV07-06055 DDP (FFMx).

IT IS SO ORDERED.

Dated: January 14, 2008

                                            DEAN D. PREGERSON
                                            United States District Judge